**KNEUPPER & COVEY, PC**
A. Lorraine Weekes (CA SBN: 332369)
lorraine@kneuppercovey.com
17011 Beach Blvd., Ste. 900
Huntington Beach, CA 92647
Tel: 215-999-9767
Fax: 855-596-3707

*Attorney for Plaintiff Umar Shahid*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMAR SHAHID,<br><br>                Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>                Defendants. | Case No.:  [Case No.]<br><br>**VERIFIED COMPLAINT FOR:**<br>(1) Violation of the Electronic Fund Transfer Act<br>(2) Breach of Contract<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Umar Shahid, by and through the undersigned counsel, hereby files this Complaint against Defendant Citibank, N.A. ("Citibank") and alleges as follows:

## JURISDICTION

1. This Court has: (a) subject matter jurisdiction pursuant to 28 United States Code section 1331 because this action arises under the Electronic Fund Transfer Act, 15 United States Code sections 1693 et seq.; and (b) supplemental jurisdiction under 28 United States Code section 1367 with respect to the claim for relief arising under state law.

2. This Court has specific personal jurisdiction over Citibank because Citibank has

sufficient minimum contacts with California, has purposely availed itself of the benefits and protection of California law, and conducts a substantial amount of business in and with the State of California, such that the Court's exercise of personal jurisdiction over the Bank is reasonable and accords with due process.

## VENUE

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## THE PARTIES

4. Plaintiff Umar Shahid is a citizen of the state of California and resides in Sacramento, California.

5. Defendant Citibank, N.A. is a corporation with its principal place of business in the State of South Dakota.

## FACTUAL ALLEGATIONS

6. Plaintiff Umar Shahid is a California consumer who opened a Citibank checking account (the Account) in early August 2022.

7. On August 12, 2022, Mr. Shahid deposited check for $12,750.00 into the Account.

8. On August 19, 2022, Mr. Shahid tried to make an electronic transfer of less than $300.00 from the Account using Zelle, a digital payments service. The transfer (which was to Mr. Shahid's mother) was blocked: it didn't go through even though there was more than enough money in the Account to cover it.

9. Concerned, Mr. Shahid called Citibank's customer service line and reported the blocked Zelle transaction.

10. Citibank responded by asking Mr. Shahid to verify his identity. Mr. Shahid attempted to verify his identity over the phone; Mr. Shahid had difficulty understanding the customer service representative he spoke to and hung up before calling Citibank's customer service line again. The second time he called Citibank, Mr. Shahid confirmed that his account was blocked.

11. On August 20, 2022, Mr. Shahid went to a Citibank branch to try and resolve this issue in person. It was the exact same Citibank branch where Mr. Shahid had opened the

Account.

12. Mr. Shahid made the Citibank employees at the branch aware of the blocked Zelle transaction and the unexplained freeze on his Citibank account. He presented a California driver's license to confirm his identity. He also provided his social security number and answered security questions posed by the bank employees.

13. Mr. Shahid also presented the debit card linked to his Account to the bank employees.

14. The Citibank employees at the branch location told Mr. Shahid that they could not remove the "hard block" on his account. They directed him back to the Citibank customer service line.

15. Mr. Shahid remained at the Citibank branch while speaking with Citibank's customer service line again. This time, a Citibank customer service agent informed Mr. Shahid that he would need to provide them with a cell phone account number linked to his social security number in order to verify his identity.

16. Complying with this request would be difficult and costly for Mr. Shahid who, at the time he was frozen out of his bank account, only had a prepaid phone. But Mr. Shahid was desperate to regain access to the Account's frozen funds. So Mr. Shahid went to Verizon Wireless that very same day, August 20, 2022, and spent hundreds of dollars to sign up for a phone plan that was linked to his social security number.

17. Mr. Shahid then contacted Citibank's customer service line again to provide Citibank information about his newly acquired and social security-linked cell phone line.

18. This time, Citibank responded by stating that Mr. Shahid would need to wait until he was mailed a PIN. After receiving the PIN, Mr. Shahid would need to call Citibank's customer service line yet again to verify his identity.

19. Mr. Shahid waited to receive the PIN and continued to follow-up with Citibank's customer service requesting access to his Citibank account.

20. Mr. Shahid never received the PIN Citibank said it would mail him.

21. Mr. Shahid was desperate to regain access to the funds in his account. Between

August 21, 2022, and August 29, 2022, he went to an ATM to try and withdraw money from his account at least nine times. These attempts were unsuccessful: Citibank would not allow Mr. Shahid to initiate an electronic fund transfer from an automated teller machine while his account was blocked.

22. Mr. Shahid <u>never</u> received the PIN Citibank had told him was necessary for him to regain access to his account. But he did eventually regain access to his Citibank account; the PIN wasn't so necessary after all.

23. On information and belief, Citibank could have given Mr. Shahid access to the Account days earlier and spared Mr. Shahid and his family significant hardship, it just chose not to.

24. Mr. Shahid suffered significant damage from his inability to effectuate electronic fund transfers as a result of the block Citibank placed on his account.

25. Specifically, Mr. Shahid was unable to access funds he needed to, for example, pay his bills and provide financial support to his mother, who is ill and has cancer.

26. Mr. Shahid's truck was in the repair shop while his Citibank account was frozen and he was unable to retrieve it because he could not access the funds in his Account. Mr. Shahid lost use of his vehicle because Citibank would not allow a consumer who physically went to its bank branch with a California driver's license, a valid social security number, answers to the bank's security questions, and the debit card linked to the Account, to initiate electronic fund transfers from his bank account.

## FIRST CAUSE OF ACTION AGAINST CITIBANK
## VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

27. Mr. Shahid is a natural person and therefore a "consumer" under the Electronic Fund Transfer Act ("EFTA"). <u>See</u> 15 U.S.C. § 1693a(6).

28. Citibank is a "financial institution" under the EFTA. <u>See</u> 15 U.S.C. § 1693a(9).

29. On August 19, 2022, Mr. Shahid tried to transfer his funds out of his Citibank account via Zelle; the transfer he attempted to make constitutes an "electronic fund transfer" under the EFTA. <u>See</u> 15 U.S.C. § 1693a(7).

30. Citibank refused to honor Mr. Shahid's request to transfer of funds out of his account via Zelle and instead placed a "hard block" on his account.

31. On each day between August 21, 2022, and August 29, 2022, Mr. Shahid tried to withdraw money from the Account via automated teller machines. The transactions Mr. Shahid was attempting to initiate are "electronic fund transfers" under EFTA. See id.

32. Citibank improperly prevented Mr. Shahid from making electronic fund transfers via an ATM between August 21, 2022, and August 2022 and, in doing so, violated EFTA.

33. Under 15 U.S.C. § 1693h(a)(1), with limited exceptions which Mr. Shahid does not believe are relevant here, a financial institution is liable to a consumer for all damages proximately caused by its "failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer."

34. Citibank did not provide Mr. Shahid with a legitimate justification for its failure to make the Zelle transfer Mr. Shahid directed it to make on August 19, 2022, or its refusal to allow Mr. Shahid to make the electronic fund transfers he attempted to initiate from ATMs between August 21 and August 29, 2022.

35. Citibank's failure to make the electronic fund transfer requested by Mr. Shahid on August 19, 2022, and the electronic fund transfers he tried to make between August 21 and August 29, 2022, violated EFTA and Citibank is liable to Mr. Shahid for damages proximately caused by its EFTA violations. See 15 U.S.C. § 1693h(a)(1).

36. As alleged above, Citibank's violations of EFTA injured Mr. Shahid who was unable to access or use funds in his account to, among other things, pay his bills and retrieve his truck from the repair shop. Citibank's violation of EFTA also injured Mr. Shahid insofar as he spent hundreds of dollars to secure a phone linked to his social security number that he would not have spent but for Citibank's unlawful conduct.

//

## SECOND CAUSE OF ACTION AGAINST CITIBANK
## BREACH OF CONTRACT

37. Mr. Shahid is informed and believes his relationship with Citibank is governed by the terms of Citibank's Client Manual for Consumer Accounts.

38. Citibank's Client Manual for Consumer Accounts contains an arbitration provision that covers all disputes between Citibank and those with consumer accounts.

39. That arbitration provision provides that arbitration shall be conducted by the American Arbitration Association.

40. Mr. Shahid filed a demand for arbitration with the American Arbitration Association on September 28, 2022.

41. The American Arbitration Association invoiced Citibank for its portion of the administrative fee associated with case initiation ($300) on November 4, 2022.

42. On December 7, 2022, the American Arbitration Association administratively closed the case because Citibank had not paid the fees necessary for the arbitration to proceed.

43. Through its failure to pay the required fees such that the arbitration could proceed, Citibank materially breached its arbitration agreement with Mr. Shahid. See California Code of Civil Procedure section 1281.97(a)(1).

44. Citibank has waived its right to compel arbitration under California Code of Civil Procedure section 1281.2. See id.

45. Mr. Shahid has elected to "[w]ithdraw [his] claim from arbitration and proceed in a court of appropriate jurisdiction." See Cal. Civ. Proc. Code § 1281.97(b)(1).

46. As such, "the court shall impose sanctions on the drafting party in accordance with Section 1281.99." See Cal. Civ. Proc. Code § 1281.97(d).

## PRAYER FOR RELIEF

Mr. Shahid seeks the following relief from the court:

A. Actual damages, including consequential damages, against Citibank in an amount to be proven in trial;

B.  Statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A);

C.  Reasonable attorneys' fees as determined by the court and the costs of bringing this action. See 15 U.S.C. § 1693m(a)(3);

D.  An order requiring Citibank to pay "the reasonable expenses, including attorney's fees and costs, incurred by [Mr. Shahid] as a result of" Citibank's material breach of its arbitration agreement with Mr. Shahid. See Cal. Code Civ. Proc. § 1281.99(a);

E.  A terminating sanction rendering a judgment by default against Citibank or striking out its pleadings, or alternatively, an evidentiary sanction consisting of an order prohibiting Citibank from conducting discovery in this case, or, alternatively, a contempt sanction by an order treating Citibank as in contempt of court. See Cal. Code Civ. Proc. § 1281.99(b); and

F.  Such other relief as the court deems just and proper.

## JURY TRIAL DEMANDED

47. Plaintiff demands a jury trial of the facts alleged above on all counts and issues so triable.

DATED: February 15, 2023        Respectfully submitted,

*[signature]*

A. Lorraine Weekes, Esq. (CA SBN 332369)
lorraine@kneuppercovey.com

KNEUPPER & COVEY, PC
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Tel: 215-999-9767
Fax: 855-596-3707

*Attorney for Plaintiff Umar Shahid*

## VERIFICATION

I, Umar Shahid, am the plaintiff in this action. I have reviewed the foregoing complaint. I declare under penalty of perjury under the laws of the United States that the factual allegations in the foregoing complaint are true and correct, except to the extent that they are made "on information and belief," and as to those matters I declare under penalty of perjury that I believe them to be true.

Executed this 1ST day of FEBRUARY 2023.

_____
Umar Shahid